UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| **ALLIANCE COAL, LLC**<br><br>**Plaintiff**<br><br>v.<br><br>**LARRY SMITH, EXECUTOR OF THE ESTATE OF CONSTANCE SMITH**<br><br>Serve: Larry Smith, Executor of the Estate<br>      of Constance Smith<br>      345 Collins Creek<br>      Warfield, Kentucky 41267<br><br>and<br><br>**DUSTY L. MCCOY**<br><br>Serve: Dusty L. McCoy<br>      15558 East Country Meadows Road<br>      Mount Vernon, Illinois 62864<br><br>**Defendants** | **COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF** |

Plaintiff, Alliance Coal, LLC, by counsel, and for its Complaint for Interpleader and Declaratory Relief and pursuant to Fed. R. Civ. P. 22, states as follows:

## PARTIES

1.　Interpleader Plaintiff, Alliance Coal, LLC ("Alliance") is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 1717 South Boulder Avenue, Tulsa, Oklahoma 74119 for purposes of 28 U.S.C. § 1332(a)(1).

2.	Defendant, Larry Smith, Executor of the Estate of Constance Smith ("Mr. Smith"), is, and upon information and belief, a resident of Warfield, Martin County, Kentucky whose address is 345 Collins Creek, Warfield, Kentucky 41267.

3.	Defendant, Dusty L. McCoy ("Ms. McCoy") is, upon information and belief, a resident of Mount Vernon, Jefferson County, Illinois whose address is 15558 East Country Meadows Road, Mt. Vernon, Illinois 62864.

**JURISDICTION AND VENUE**

4.	The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e)(1) because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and Plaintiff has standing to assert such claims under 29 U.S.C. § 1132(a)(3)(B)(ii).

5.	The Court also has original jurisdiction of this civil action under 28 U.S.C. § 1335 because this is a civil action of interpleader involving property having a value of $500 or more and the Defendants claiming entitlement to said property are citizens of different states under 28 U.S.C. § 1332(a)(1).

6.	Venue is proper in this judicial district under 29 U.S.C. § 1132(e)(2) because one or more Defendants reside or may be found in this district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Mr. Smith is a resident of Kentucky and a substantial part of the events giving rise to this claim occurred in Kentucky.

**ALLEGATIONS OF FACTS**

7. Constance Smith ("Ms. Smith") was an employee of Excel Mining, LLC ("Excel") for many years. During Ms. Smith's employment, Excel operated an underground mining complex near Pikeville, Kentucky.

8. Excel is a wholly owned subsidiary of Alliance. Alliance established and maintained a Profit Sharing and Savings Plan for the benefit of the employees of Excel (the "Plan").

9. Alliance is the sponsor and administrator of the Plan. See Summary of Plan Description, attached as **Exhibit A**.

10. The Plan is a participant-directed 401(k) retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

11. Benefits payable under the Plan are paid from funds held in a certain Trust in accordance with a certain Trust Agreement between Alliance and the appointed Trustee. The appointed Trustee for the Plan is INTRUST Bank, N.A. ("INTRUST"). As the Trustee, INTRUST is responsible for making benefit payments to retired and former participants, as well as to the spouses and beneficiaries of deceased participants, solely from the Trust.

12. As an employee of Excel for many years, Ms. Smith was a participant in the Plan. Ms. Smith had no spouse or children. Accordingly, in 1997 and 2007, Ms. Smith completed and filed a beneficiary designation form identifying certain individuals as the primary and contingent beneficiaries of any benefits under the Plan which were payable at her death.

13. Specifically, on December 6, 2007, Ms. Smith provided Alliance with a signed beneficiary form listing Defendant Dusty L. McCoy as the primary beneficiary of the accrued benefits under the Plan. See attached **Exhibit B**. Ms. McCoy was also designed as the primary

beneficiary under the Plan on the Confirmation Statement 2009 Benefits Enrollment form, the last of which to be completed prior to Ms. Smith's retirement. See attached **Exhibit C.**

14. Ms. Smith passed away on December 10, 2024, in South Williamson, Kentucky. See Certificate of Death attached as **Exhibit D.** Upon information and belief, Ms. Smith resided in Warfield, Kentucky, prior to her death.

15. At the time of her death, Ms. Smith had a vested interest in the Plan in the amount of $965,616.86.

16. On or about January 6, 2025, INTRUST mailed a notification letter to Dusty McCoy via certified mail notifying Ms. McCoy that she had been designated by Ms. Smith as the primary beneficiary of her accrued benefits under the Plan.

17. On or about January 22, 2025, INTRUST received communications from the family of Defendant Larry Smith stating that, on February 21, 2024, Ms. Smith executed a change of beneficiary form, changing the primary beneficiary of accrued benefits under the Plan from Ms. McCoy to Mr. Smith. On behalf of Mr. Smith, his daughter Jill Smith sent a copy of the February 21, 2024 beneficiary designation form naming Larry Smith as the primary beneficiary. See Change of Beneficiary Form attached hereto as **Exhibit E**.

18. On or about January 24, 2025, INTRUST notified Ms. McCoy of the separate February 21, 2024 beneficiary designation form identifying Mr. Smith as the primary beneficiary.

19. On or about January 27, 2025, Ms. McCoy noted her protest to the validity of the change of beneficiary form executed by Ms. Smith on or about February 21, 2024.

20. Alliance has withheld payment of the benefits accrued under the Plan pending a determination of the validity of the change of beneficiary form executed or about February 21, 2024, and whether said February 21, 2024 beneficiary form was submitted to Alliance.

## CLAIM FOR INTERPLEADER

21. Alliance is without sufficient information to determine the validity of the claims made against the Plan funds by Mr. Smith and Ms. McCoy and is therefore filing this action pursuant to Fed. R. Civ. P. 22 and/or 28 U.S.C. § 1335.

22. Alliance is not making any claim to the benefits under the Plan which are the subject of this dispute (the "Plan Benefits") and is merely a disinterested stakeholder, except for that portion of the retirement benefits and pension proceeds necessary to reimburse Alliance for legal fees and court costs incurred in bringing this interpleader action.

23. An actual controversy exists between the Defendants as to which of them is entitled to the Plan Benefits.

24. Alliance may be exposed to double liability unless the Defendants are required to interplead their claims in and to the Plan Benefits.

25. Alliance unconditionally offers and is ready to deposit with the Court the Plan Benefits in the amount of $965,616.86, and any applicable interest.

26. Alliance anticipates that it will petition the Court by Motion seeking permission to pay the Plan Benefits into Court pursuant to Fed. R. Civ. P. 67 for a determination by the Court of the validity of all claims.

## PRAYER FOR RELIEF

For these reasons, Alliance prays for relief as follows:

1. That the Court decree that this Complaint is properly filed and that this is a proper cause for interpleader;

2. For Declaratory Judgment adjudging the rights of the parties herein to Plan benefits and directing all parties in interest to interplead their respective claims in and to the proceeds;

3. For entry of an Order and Judgment ordering that the Plan Benefits be deposited with the U.S. District Court for the Eastern District of Kentucky, Pikeville Division, subject to the claims of the interested parties and subject to Alliance's claim for attorney fees and court costs as may be awarded by further orders of this Court, upon proper motion of Alliance;

4. For an Order dismissing and discharging Alliance from any further liability concerning the retirement benefits and pension proceeds upon its payment of the proceeds into Court pursuant to order of this Court;

5. For Alliance's reasonable attorney fees and costs herein incurred; and

6. For any and all other relief to which Alliance may appear properly entitled.

Dated this 14th day of March 2025.

Respectfully submitted,

/s/ Dana R. Howard
Dana R. Howard
Caroline A. Miller
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
dana.howard@skofirm.com
caroline.miller@skofirm.com
*Attorneys for Plaintiff, Alliance Coal, LLC*