UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| ALLIANCE COAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO. 7:25-CV-00010-REW-EBA** |
| v. | ) | |
| | ) | |
| LARRY SMITH. and | ) | |
| DUSTY L. MCCOY | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

**DUSTY MCCOY'S**
**ANSWER AND TO ALLIANCE COAL, LLC'S INTERPLEADER COMPLAINT**
**AND**
**DUSTY MCCOY'S**
**CROSS-CLAIM AGAINST LARRY SMITH**

_____

Comes Dusty L. McCoy ("**Ms. McCoy**"), by counsel, for her Answer to the Interpleader Complaint of Plaintiff Alliance Coal, LLC ("**Alliance Coal**") and her Cross-Claim against Larry Smith ("**Larry Smith**"), and states as follows:

**ANSWER TO ALLIANCE COAL'S**
**INTERPLEADER COMPLAINT**

**FIRST DEFENSE**

1.  Ms. McCoy lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the Complaint.

2.  Ms. McCoy admits the allegations in Paragraph 2 of the Complaint.

3.  Ms. McCoy admits the allegations in Paragraph 3 of the Complaint.

4.      Ms. McCoy admits the allegations in Paragraph 4 of the Complaint.

5.      Ms. McCoy admits the allegations in Paragraph 5 of the Complaint.

6.      Ms. McCoy admits the allegations in Paragraph 6 of the Complaint.

7.      Ms. McCoy admits the allegations in Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Ms. McCoy lacks sufficient knowledge or information to admit or deny whether Excel is a wholly owned subsidiary of Alliance Coal. Ms. McCoy admits the remaining allegations in Paragraph 8 of the Complaint.

9.      Ms. McCoy admits the allegations in Paragraph 9 of the Complaint.

10.     Ms. McCoy admits the allegations in Paragraph 10 of the Complaint.

11.     Ms. McCoy admits the allegations in Paragraph 11 of the Complaint.

12.     Ms. McCoy admits the allegations in Paragraph 12 of the Complaint.

13.     Ms. McCoy admits the allegations in Paragraph 13 of the Complaint.

14.     Ms. McCoy admits the allegations in Paragraph 14 of the Complaint.

15.     Ms. McCoy admits the allegations in Paragraph 15 of the Complaint.

16.     Ms. McCoy admits the allegations in Paragraph 16 of the Complaint.

17.     In response to Paragraph 17 of the Complaint, Ms. McCoy lacks sufficient knowledge to admit or deny the specific dates of correspondence between INTRUST and Smith; however, Ms. McCoy admits that Intrust has represented that a change of beneficiary form purporting to be executed by the plan participant Constance Smith ("**Constance Smith**") was received by Intrust. Ms. McCoy denies that the untimely form was sufficient to change the beneficiary designation and states that the signature on the form does not appear to be Constance Smith's.

18.     Ms. McCoy admits the allegations in Paragraph 18 of the Complaint.

19.     Ms. McCoy admits the allegations in Paragraph 19 of the Complaint.

20.     Ms. McCoy admits the allegations in Paragraph 20 of the Complaint.

21.     Ms. McCoy denies the allegations in Paragraph 21 of the Complaint.

22.     Ms. McCoy admits the allegations in Paragraph 22 of the Complaint that Alliance Coal is not making claims against the Plan Funds, but denies that Alliance Coal is entitled to recover its attorney's fees and court costs for bringing this action.

23.     Ms. McCoy admits the allegations in Paragraph 23 of the Complaint that there are competing claims, but denies that Larry Smith has a right to any Plan Funds.

24.     Ms. McCoy denies the allegations in Paragraph 24 of the Complaint.

25.     Ms. McCoy states that Paragraph 25 of the Complaint makes no factual allegations and thus no response is required.

26.     Ms. McCoy states that Paragraph 26 of the Complaint makes no factual allegations and thus no response is required.

27.     Ms. McCoy denies all allegations not specifically admitted herein.

## SECOND DEFENSE

Ms. McCoy pleads and relies upon the defense that she is the properly designated beneficiary of Constance Smith's 401(k) retirement plan pursuant to the 401(k) plan documents, as neither Alliance Coal, LLC, INTRUST, nor any other controlling party received a change in beneficiary form prior to the death of Constance Smith and, at the time of the death of Constance Smith, Ms. McCoy was of record as the primary beneficiary of the plan.

**THIRD DEFENSE**

Ms. McCoy pleads and relies upon the defense that she is the properly designated beneficiary of Constance Smith's 401(k) retirement plan pursuant to the 401(k) plan documents, as she is of record as the primary beneficiary of the plan and the purported February 21, 2024, change of beneficiary form was not signed by Constance Smith or any individual with authority to sign on her behalf.

**FOURTH DEFENSE**

Ms. McCoy pleads and relies upon the defense that, under the 401(k) plan documents, Alliance Coal, LLC has sufficient knowledge to determine that Ms. McCoy is the proper beneficiary of the Constance Smith's 401(k) funds.

**FIFTH DEFENSE**

Ms. McCoy pleads and relies upon the defense that there is no other valid competing claim to the funds, including the claim of Larry Smith, as Connie Smith failed to take the necessary steps to change the designated beneficiary before her death. Further, she failed to substantially comply with steps necessary to change the beneficiary designation. Upon information and belief, the change of beneficiary form was not signed by Constance Smith. The change of beneficiary form was not submitted to the Plan or any authorized authority of the Plan by Constance Smith or her authorized representative. Even if the change was authorized in February 2024, the change of beneficiary form was never submitted by Constance Smith and the submission of the form after her death was untimely and unauthorized.

## SIXTH DEFENSE

McCoy pleads and relies upon the defense that neither Constance Smith nor any authorized agent did everything within their power to effectuate the change of beneficiary and, therefore, there was no substantial compliance in effectuating a change of beneficiary.

## SEVENTH DEFENSE

Ms. McCoy pleads and relies upon the defense that Constance Smith did not designate in writing any representative for the receipt of notices or plan information as required for the plan to provide information regarding the plan. Therefore, any information, even if erroneous, provided to Larry Smith  or Jill Smith is irrelevant for purposes of the substantial compliance doctrine.

## EIGHTH DEFENSE

Ms. McCoy pleads and relies upon the defense that Alliance Coal is not entitled to recover attorney fees and court costs from the Plan Fund or from Ms. McCoy as Ms. McCoy did not create any conflict as to the Plan Fund and the Plan Fund should not be charged with those expenses should the Plan Fund be awarded to her.

## NINETH DEFENSE

Ms. McCoy pleads and relies upon the defense that Larry Smith is not entitled to funds as the beneficiary of the Plan Fund, as neither Constance Smith, nor any authorized representative on her behalf, complied with the Plan requirements to identify Larry Smith as the beneficiary of the Plan Fund and neither Constance Smith nor her authorized represented substantially complied with making that designation.

**TENTH DEFENSE**

Ms. McCoy pleads and relies upon the defense of unclean hands. If Larry Smith submitted the February 21, 2024 change of designation form, that was done with unclean hands in that the designation form does not appear to be signed by Constance Smith and upon information and belief if it was signed by Constance Smith, it was signed upon undue influence or coercion of Larry Smith.

WHEREFORE, in answer to the Interpleader Complaint of Alliance Coal, Ms. McCoy, by counsel, prays and demands as follows:

1. For Judgment in her favor upon the Interpleader Complaint adjudging that she is the properly designated beneficiary of Constance Smith's 401 (k) retirement plan and is the only beneficiary entitled to those funds.

2. For an order necessary to effectuate Dusty L. McCoy's receipt of said funds, plus pre-judgment interest and post-judgment interest until paid.

3. For an order declaring that Larry Smith is not a proper designated beneficiary of Constance Smith's 401(k) retirement plan.

4. For an order declaring that Constance Smith did not substantially comply with the requirements to designate Larry Smith as a proper designated beneficiary of Constance Smith's 401(k) retirement plan.

5. For attorney's fees and costs in this matter, and for any and all other relief to which she may be entitled.

6. For recovery of her attorney's fees and costs.

7. For trial by jury on any issues that may be triable to a jury.

8. For recovery of any other relief to which she may be entitled and to which this Court may deem proper and just.

## CROSS-CLAIM AGAINST DEFENDANT, LARRY SMITH

Comes Ms. McCoy, by counsel, for her Cross-Claim against Defendant, Larry Smith, and states as follows:

## PARTIES

1.     Defendant/Cross-Claim Plaintiff, Dusty L. McCoy (hereinafter "Plaintiff" or "Ms. McCoy") is a resident of Mount Vernon, Jefferson County, Illinois whose address is 15558 East Country Meadows Road, Mt. Vernon, Illinois 62864.

2.     Defendant/Cross-Claim Defendant, Larry Smith (hereinafter "Larry Smith") is, upon information and belief, a resident of Warfield, Martin County, Kentucky whose address is 345 Collins Creek, Warfield, Kentucky 41267.

## JURISDICTION AND VENUE

3.     The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and Plaintiff has standing to assert such claims under 29 U.S.C. § 1132(a)(1)(B).

4.     The Court also has original jurisdiction of this civil action under 28 U.S.C. § 1335 because this is a civil action of interpleader involving property having a value of $500 or more and the parties claiming entitlement to said property are citizens of different states under 28 U.S.C. § 1332(a)(1).

5.    The Court also has original jurisdiction of this civil action under 28 U.S.C. § 1332 because this is a civil action involving entitlement to a retirement account greater than $75,000 and the parties, Ms. McCoy and Larry Smith, are residents of different states.

6.    Venue is proper in this judicial district under 29 U.S.C. § 1132(e)(2) because one or more Defendants reside or may be found in this district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Larry Smith is a resident of Kentucky and a substantial part of the events giving rise to this claim occurred in Kentucky.

## FACTUAL ALLEGATIONS

### CONSTANCE SMITH'S RETIREMENT ACCOUNT

7.    Constance Smith was Ms. McCoy's relative, and she raised Ms. McCoy as her own child from the age of 10.

8.    Larry Smith is Constance Smith's brother.

9.    Constance Smith was an employee of Excel Mining, LLC ("Excel") for many years.

10.    Excel is a wholly owned subsidiary of Alliance Coal, LLC ("Alliance Coal"). Alliance Coal established and maintained a Profit Sharing and Savings Plan for the benefit of the employees of Excel (the "Plan").

11.    Alliance Coal is the sponsor and administrator of the Plan. See Summary of Plan Description, attached as **Exhibit A** to Alliance Coal's First Amended Complaint, incorporated herein by reference.

12.    Pursuant to the Plan, no beneficiary designation form is valid unless received by the administrative committee appointed by Alliance Coal to administer the plan. The Plan explicitly states "[i]n all events, no designation of Beneficiary or change of Beneficiary shall be effective until a properly completed form is filed with the Committee." Alliance Coal, LLC and Affiliates Profit and Sharing and Savings Plan, Section 8.2(b), full copy attached as **Exhibit 1**.

13.    The Plan is a participant-directed 401(k) retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

14.    By information and belief, benefits payable under the Plan are paid from funds held in a certain Trust in accordance with a certain Trust Agreement between Alliance Coal and the appointed Trustee. By information and belief, the appointed Trustee for the Plan is INTRUST Bank, N.A. ("INTRUST").

15.    As the Trustee, INTRUST is responsible for making benefit payments to retired and former participants, as well as to the spouses and beneficiaries of deceased participants, solely from the Trust.

16.    As an employee of Excel for many years, Constance Smith was a participant in the Plan. Constance Smith had no spouse or children. Accordingly, in 1997 and 2007, Constance Smith completed and filed a beneficiary designation form identifying certain individuals as the primary and contingent beneficiaries of any benefits under the Plan which were payable at her death.

17.    Specifically, on December 6, 2007, Constance Smith provided Alliance Coal with a signed beneficiary form listing Ms. McCoy as the primary beneficiary of the accrued benefits under the Plan. See attached **Exhibit B** to Alliance Coal's First

Amended Complaint, incorporated herein by reference. Ms. McCoy was also designed as the primary beneficiary under the Plan on the Confirmation Statement 2009 Benefits Enrollment form, the last of which to be completed prior to Ms. Smith's retirement. See attached **Exhibit C** to Alliance Coal First Amended Complaint, incorporated herein by reference.

18.    Constance Smith passed away on December 10, 2024, in South Williamson, Kentucky. See Certificate of Death attached as **Exhibit D** to Alliance Coal's First Amended Complaint, incorporated herein by reference. Constance Smith resided in Warfield, Kentucky, prior to her death.

19.    Constance Smith died prior to receiving her full vested interest under the Plan.

20.    Upon her death, Constance Smith had a vested interest in the Plan in an amount believed to be $965,616.86.

21.    On or about January 6, 2025, INTRUST mailed a notification letter to Ms. McCoy via certified mail notifying Ms. McCoy that she had been designated by Constance Smith as the primary beneficiary of Constance Smith's accrued benefits under the Plan.

22.    Upon information and belief, on or about January 22, 2025, INTRUST received communications alleging that, on February 21, 2024, Constance Smith executed a change of beneficiary form, changing the primary beneficiary of accrued benefits under the Plan from Ms. McCoy to Larry Smith.

23.    Upon information and belief, the change of beneficiary form allegedly signed by Constance Smith was not signed by Constance Smith.

24.     By information and belief, Larry Smith, on or about January 22, 2025, more than a month after Constance Smith's death, Larry Smith's daughter, Jill Smith, sent a copy of the purported change of beneficiary form dated February 21, 2024, to INTRUST. *See* February 21, 2024 Change of Beneficiary Form attached as **Exhibit E** to Alliance Coal's First Amended Complaint, incorporated herein by reference.

25.     On or about January 24, 2025, INTRUST notified Ms. McCoy of the alleged February 21, 2024 beneficiary designation form identifying Larry Smith as the primary beneficiary.

26.     On or about January 27, 2025, Ms. McCoy noted her protest to the validity of the change of beneficiary alleged to have been executed by Constance Smith on or about February 21, 2024.

## CIRCUMSTANCES SURROUNDING THE ALLEGED CHANGE IN BENEFICIARY FORM

27.     Ms. McCoy maintained a close relationship with Constance Smith throughout her life due to abandonment and neglect of Ms. McCoy by her parents and grandparents.

28.     Constance Smith had no children by birth. And, Constance Smith is Ms. McCoy's second cousin by birth. In every other respect, though, Constance Smith was a mother to Ms. McCoy. Ms. McCoy lived with Constance Smith and Constance's parents on and off until age 10. At age 10, Ms. McCoy began living with them permanently, with Constance Smith assuming responsibility for her care.

29.     At the age of 12, Constance Smith asked to adopt Ms. McCoy. McCoy's mother, who had a history of drug addiction and being homeless, agreed to the

adoption, but there was a fear of asking Ms. McCoy's father to consent to the adoption. He is a violent convicted murderer and currently incarcerated.

30.    Throughout her life Constance Smith treated Ms. McCoy as her daughter. And, Ms. McCoy treated Constance as her mother. Ms. McCoy purchased Ms. Smith's first two cars and first home. She paid for Ms. McCoy's high school activities, and prom dresses. She paid for Ms. McCoy's wedding, was her maid of honor and was present for the birth of Ms. Mcoy's children.

31.    Constance Smith and Larry Smith are siblings. Larry Smith had difficulty accepting that Constance Smith was raising a second cousin as her own child, and appeared to be concerned that Ms. McCoy's presence placed  his children in jeopardy of not receiving a fair share from Connie and her parents.

32.    In later years after Ms. McCoy finished school, began working and started her own family, Ms. McCoy and Constance remained close and communicated by phone. Even though Ms. McCoy lived approximately 9 hours from Constance Smith's residence she came back for visits and during 2023 and 2024 and maintained phone communications with her.

33.    Ms. McCoy was last able to visit her in person in September, 2023.

34.    During and after September, 2023, Constance Smith had caregivers that came to her home to help with her with medical issues and daily living tasks.

35.    During her September, 2023, visit, Ms. McCoy became aware that Constance Smith's caregivers were not performing the tasks they were supposed to and believed that Constance Smith was unhappy with them.

36.    Ms. McCoy informed Larry Smith of this, but Constance Smith informed Ms. McCoy of continued issues with her caregivers.

37.    Thereafter, during 2024, Constance Smith had frequent UTIs and other health issues.

38.    Beginning in February, 2024, Ms. McCoy began receiving calls from Constance Smith in which Constance Smith stated that she wanted to go home, was being held against her will, or that she or Ms. McCoy needed to call the Sheriff.

39.    Beginning in approximately August, 2024, Ms. McCoy was told by Larry Smith, Constance Smith's brother, that Constance Smith could no longer operate her cell phone and when she attempted to reach Constance Smith via landline, she could not get through.

40.    From August, 2024, to December, 2024, Ms. McCoy was unaware that Constance Smith had any life-threatening health issues.

41.    On or about December 9, 2024, Ms. McCoy became aware that Constance Smith had been hospitalized for 4 days and was not doing well.

42.    Upon information and belief, Constance Smith was initially hospitalized in December, 2024, due to a UTI that resulted from her catheter not being removed and cleaned.

43.    Upon information and belief, Constance Smith's UTI resulted in sepsis, the ultimate cause of her passing on December 10, 2024.

44.    A power of attorney was filed in the Martin County Court Clerk's Office on March 5, 2024, and appears in Deed Book 211, Page 320 (the "POA"). The POA

appoints, dated February 21, 2024, appoints Larry Smith's daughter, Jill Smith, as Constance Smith's attorney-in-fact. A copy of the POA is attached as **Exhibit 2**.

45.    Constance Smith did not submit any change of beneficiary form to Alliance Coal or Intrust to remove Ms. McCoy as the beneficiary or designate a different beneficiary.

46.    Jill Smith, as POA, did not during Constance's lifetime submit any change of beneficiary form to Alliance Coal or Intrust to remove Ms. McCoy as the beneficiary or designate another beneficiary.

47.    Jill Smith lacked authority after Constance Smith's death to act as Constance Smith's POA or on behalf of Constance Smith.

48.    Constance Smith knew or should have known of the process to change the beneficiary designation as that information is available to plan participants, which Constance Smith was.

49.    According to Larry Smith, Constance Smith went so far as to obtain the form to designate him as beneficiary, but Constance Smith did not submit the forms or have the forms submitted by an authorized representative before her death, even though she had the opportunity to do and even though the Plan requires submission in order to effectuate a change.

50.    Upon information and belief, Constance Smith did not provide written authorization to Alliance Coal, Instrust, or NestEgg U authorizing them to communicate with others regarding the Plan or regarding her designated beneficiary. Upon information and belief, the Plan required written authorization for other persons to obtain that information.

51.    Ms. McCoy is the rightful and sole designated beneficiary to Constance Smith's retirement benefits from Alliance Coal.

## COUNT I - CLAIM FOR DECLARATION OF RIGHTS AS DESIGNATED BENEFICIARY

52.    Ms. McCoy incorporates by reference the allegations contained in Paragraphs 1 through 51, and her defenses to the Interpleader Complaint, as set forth above, as if fully set forth herein in their entirety.

53.    Pursuant to 29 U.S.C. § 1132(a)(1)(B), Ms. McCoy seeks to clarify her rights to the Plan as the designated beneficiary of Constance Smith.

54.    The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this Court to declare the rights and legal relations of the parties.

55.    An actual controversy exists between Ms. McCoy and Larry Smith, as Larry Smith asserts that he is the properly designated beneficiary of the Plan, which Ms. McCoy denies and asserts that she is the sole designated beneficiary of the Plan.

56.    The Plan is subject to ERISA, 29 U.S.C. §§ 1001-1461, and payment upon death to beneficiaries must proceed according to the Plan provisions.

57.    Pursuant to the Plan, benefits vest and are payable to the designated beneficiary immediately upon death of the Plan participant. *See* **Exhibit 2**.

58.    Constance Smith died before receiving her full vested interest in the Plan. At the time of her death, the interest she had not previously received, the sum of $965,616.86, vested to be paid to her designated beneficiary.

59.    By information and belief, neither INTRUST, Alliance Coal, nor any other party that could be considered the administrative committee appointed by Alliance

Coal to administer the Plan received the alleged February 21, 2024 Change of Beneficiary Form prior to Constance Smith's death on December 10, 2024.

60.    By information and belief, Constance Smith took no action to deliver the alleged February 21, 2024 Change of Beneficiary Form to INTRUST, Alliance Coal, or any other party prior to her death.

61.    By information and belief, Constance Smith took no action to effectuate a change in beneficiary by way of submitting a letter or any other information to INTRUST, Alliance Coal, or any other party prior to her death.

62.    By information and belief, the last beneficiary designation forms submitted by Constance Smith to INTRUST, Alliance Coal, or any other party prior to her death that could be considered by the administrative committee appointed by Alliance Coal to administer the Plan are the December 6, 2007 Beneficiary Designation form and the 2009 Benefits Enrollment Form attached as **Exhibits B and C,** respectively, to the First Amended Complaint. Both of those forms designate Ms. McCoy as the primary beneficiary of the Plan.

63.    Ms. McCoy is entitled to a declaration that, because the alleged February 21, 2024 Change of Beneficiary Form was not received by INTRUST, Alliance Coal, or any other party prior to Constance Smith's death and because there was no substantial compliance in changing the beneficiary that she is the rightful beneficiary of the Plan and is entitled to the Plan benefits pursuant to the Plan documents and an order directing the Plan benefits be paid to her.

## COUNT II - CLAIM FOR DECLARATION OF RIGHTS AS DESIGNATED BENEFICIARY DESPITE POTENTIAL RECEIPT OF THE FEBRUARY 21, 2024 CHANGE OF BENEFICIARY FORM

64.     Ms. McCoy incorporates by reference the allegations contained in Paragraphs 1 through 63 above as if fully set forth herein in their entirety.

65.     This Count is plead in the alternative to Counts I, III, IV, and V.

66.     Pursuant to 29 U.S.C. § 1132(a)(1)(B), Ms. McCoy seeks to clarify her rights to the Plan as the designated beneficiary of Constance Smith.

67.     The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this Court to declare the rights and legal relations of the parties.

68.     An actual controversy exists between Ms. McCoy and Larry Smith, as Larry Smith asserts that he is the properly designated beneficiary of the Plan.

69.     The Plan is subject to ERISA, 29 U.S.C. §§ 1001-1461, and payment upon death to beneficiaries must proceed according to the Plan provisions.

70.     Pursuant to the Plan, benefits vest and are payable to the designated beneficiary immediately upon death of the Plan participant. *See* **Exhibit 1**.

71.     Constance Smith died before receiving her full vested interest in the Plan. At the time of her death, the interest she had not previously received, the sum of $965,616.86, vested to be paid to her designated beneficiary.

72.     Upon information and belief, neither INTRUST, Alliance Coal, nor any other party that could be considered the administrative committee appointed by Alliance Coal to administer the Plan received the alleged February 21, 2024 Change of Beneficiary Form prior to Constance Smith's death on December 10, 2024.

73.     Upon information and belief, Constance Smith took no action to deliver the alleged February 21, 2024 Change of Beneficiary Form to INTRUST, Alliance Coal, or any other party prior to her death.

74.     By information and belief, the last beneficiary designation forms submitted by Constance Smith to INTRUST, Alliance Coal, or any other party prior to her death that could be considered by the administrative committee appointed by Alliance Coal to administer the Plan are the December 6, 2007 Beneficiary Designation form and the 2009 Benefits Enrollment Form attached as **Exhibit B and Exhibit C**, respectively, to the Amended Complaint and both forms designate Ms. McCoy as the primary beneficiary of the Plan.

75.     Even if INTRUST, Alliance Coal, or any other administrative committee appointed by Alliance Coal received the February 21, 2024 Change of Beneficiary Form prior to Constance Smith's death, it is invalid.

76.     By information and belief, the February 21, 2024 Change of Beneficiary form was not executed by Constance Smith.

77.     By information and belief, the February 21, 2024 Change of Beneficiary form was not executed by any individual with authority to execute it on behalf of Constance Smith.

78.     Ms. McCoy is entitled to a declaration that, despite any potential receipt of the February 21, 2024 Change of Beneficiary form, she is the rightful beneficiary of the Plan and is entitled to the Plan benefits pursuant to the Plan documents.

## COUNT III - CLAIM FOR DECLARATION OF RIGHTS AS DESIGNATED BENEFICIARY DESPITE POTENTIAL EXECUTION OF CHANGE OF BENEFICIARY FORM BY POWER OF ATTORNEY

79.     Ms. McCoy incorporates by reference the allegations contained in Paragraphs 1 through 78 above as if fully set forth herein in their entirety.

80.     This Count is plead in the alternative to Counts I, II, IV, and V.

81.     By information and belief, Constance Smith lacked the requisite mental capacity to enter into the POA attached as **Exhibit 2** in February, 2024.

82.     As a result of the lack of mental capacity to voluntarily enter into a POA, the POA is invalid.

83.     Constance Smith's lack of capacity is evidenced by the disturbing calls Constance Smith made to Ms. McCoy in February 2024 during which Constance Smith asserted that she wanted to go home, was being held against her will, and that Ms. McCoy or Constance Smith needed to call the sheriff to assist her.

84.     As a result of the invalidity of the POA, Jill Smith lacked authority to execute the purported February 21, 2024 Change of Beneficiary form.

85.     Even if (1) the purported attorney-in-fact of Constance Smith, Jill Smith, executed the February 21, 2024 Change of Beneficiary form and the form was received by INTRUST, Alliance Coal, or any other party controlling the Plan; (2) the beneficiary could be changed after the death of Constance Smith; or (3) the Court finds substantial compliance could apply, the February 21, 2024 Change of Beneficiary form is invalid.

86.     Ms. McCoy is entitled to a declaration that, despite any potential execution or receipt of the February 21, 2024 Change of Beneficiary form by Jill Smith

on behalf of Constance Smith, she is the rightful beneficiary of the Plan and is entitled to the Plan benefits pursuant to the Plan documents.

## COUNT IV - CLAIM FOR DECLARATION OF RIGHTS AS DESIGNATED BENEFICIARY DESPITE POTENTIAL EXECUTION OF CHANGE OF BENEFICIARY FORM BY POWER OF ATTORNEY

87.    Ms. McCoy incorporates by reference the allegations contained in Paragraphs 1 through 86 above as if fully set forth herein in their entirety.

88.    This Count is plead in the alternative to Counts I, II, III, and V.

89.    By information and belief, Larry Smith subjected Constance Smith to undue influence in February 2024.

90.    By information and belief, Constance Smith was in poor health mentally and physically immediately prior to, during, and after February 2024.

91.    By information and belief, Larry Smith exercised control over the selection of Constance Smith's caregivers and controlled many of her day-to-day actions.

92.    By information and belief, Larry Smith subjected Constance Smith to some certain actions that resulted in Constance Smith calling Ms. McCoy in February 2024 and stating that she wanted to go home, was being held against her will, and that Ms. McCoy or Constance Smith needed to call the sheriff to assist her.

93.    By information and belief, Larry. Smith attempted to, and ultimately did, isolate Constance Smith from Ms. McCoy by claiming that she could no longer operate a cell phone and by purposefully making her unavailable by landline.

94.    By information and belief, these actions improperly influenced Constance Smith to enter into the POA attached as **Exhibit 2**.

95.     As a result of the aforementioned undue influence, the POA is invalid.

96.     Even if the purported attorney-in-fact of Constance Smith, Jill Smith, executed the February 21, 2024 Change of Beneficiary form and the form was received by INTRUST, Alliance Coal, or any other party controlling the Plan; the beneficiary could be changed after the death of Constance Smith; or the Court finds substantial compliance could apply, the February 21, 2024 Change of Beneficiary form is invalid.

97.     Ms. McCoy is entitled to a declaration that, despite any potential execution or receipt of the February 21, 2024 Change of Beneficiary form by Jill Smith on behalf of Constance Smith, she is the rightful beneficiary of the Plan and is entitled to the Plan benefits pursuant to the Plan documents.

**COUNT V - CLAIM FOR DECLARATION OF RIGHTS AS DESIGNATED BENEFICIARY DESPITE POTENTIAL EXECUTION OF CHANGE OF BENEFICIARY FORM BY CONSTANCE SMITH**

98.     Ms. McCoy incorporates by reference the allegations contained in Paragraphs 1 through 97 above as if fully set forth herein in their entirety.

99.     This Count is plead in the alternative to Counts I, II, III, and IV.

100.    By information and belief, Constance Smith lacked the requisite mental capacity to change her beneficiary in February 2024.

101.    As a result of the lack of mental capacity to change her beneficiary, the February 21, 2024 Change of Beneficiary form is invalid.

102.    By information and belief, Larry Smith exerted undue influence over Constance Smith immediately prior to and during February 2024.

103.    As a result of the improper influence, the February 21, 2024 Change of Beneficiary form is invalid.

104.   Constance' Smith's lack of capacity and/or the undue influence she was subjected to is evidenced by the disturbing calls Constance Smith made to Ms. McCoy in February 2024 during which Constance Smith asserted that she wanted to go home, was being held against her will, and that Ms. McCoy or Constance Smith needed to call the sheriff to assist her.

105.   Even if (1) the purported February 21, 2024 Change of Beneficiary form was executed by Constance Smith and the form was received by INTRUST, Alliance Coal, or any other party controlling the Plan; (2) the beneficiary could be changed after the death of Constance Smith; or (3) the Court finds substantial compliance could apply, the February 21, 2024 Change of Beneficiary form is invalid or untimely.

106.   Ms. McCoy is entitled to a declaration that, despite any potential execution or receipt of the February 21, 2024 Change of Beneficiary form by Jill Smith on behalf of Constance Smith, she is the rightful beneficiary of the Plan and is entitled to the Plan benefits pursuant to the Plan documents.

**PRAYER FOR RELIEF**

WHEREFORE, as for her cross claim against Larry Smith, Dusty L. McCoy, by counsel, prays and demands as follows:

1. For Judgment in her favor upon her Cross-claim adjudging that she is the properly designated beneficiary of Constance Smith's 401 (k) retirement plan and is the only beneficiary entitled to those funds.

2. For an order necessary to effectuate Dusty L. McCoy's receipt of said funds, plus pre-judgment interest and post-judgment interest until paid.

3. For an order declaring that Larry Smith is not a proper designated beneficiary of Constance Smith's 401(k) retirement plan.

4. For an order declaring that Constance Smith did not substantially comply with the requirements to designate Larry Smith as a proper designated beneficiary of Constance Smith's 401(k) retirement plan.

5. For recovery of her attorney's fees and costs in this matter.

6. For recovery of her attorney's fees and costs.

7. For trial by jury on any issues that may be triable to a jury.

8. For recovery of any other relief to which she may be entitled and as this Court may deem proper and just.

Respectfully submitted,

/s/ Leigh Gross Latherow
Leigh G. Latherow
Brent M. House
VANANTWERP ATTORNEYS, LLP
1544 Winchester Avenue, Fifth Floor
P. O. Box 1111
Ashland, KY 41105-1111
*Telephone: (606) 329-2929*
*Telefax: (606) 329-0490*
llatherow@vanattys.com
bhouse@vanattys.com
*Counsel for Defendant/Cross-Claim Plaintiff, Dusty L. McCoy*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 9th day of June, 2025, I electronically filed the foregoing with the clerk of court by using CM/ECF system, which will send a notice of electronic filing to counsel of record registered with the CM/ECF filing system.

<u>/s/</u> Leigh Gross Latherow
*Counsel for Defendant/Cross-Claim*
*Plaintiff, Dusty L. McCoy*
